## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| EMMANUEL EDOKOBI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LITTON LOAN SERVICING LP, ) <br> ) <br> Defendant. ) | Civil Action No. _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant Litton Loan Servicing LP ("Litton"), by counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland. As grounds for removal, Litton states as follows:

### BACKGROUND

1. On or about April 7, 2011, Plaintiff Emmanuel Edokobi ("Plaintiff") filed a Complaint ("Complaint") against Litton in the Circuit Court of Maryland for Montgomery County (the "state court action"). A copy of the Complaint in the state court action is attached as Exhibit A. The state court action was assigned case number 346101V.

2. In his Complaint, Plaintiff alleges that Litton violated his rights by locking him out of his house, and seeks damages of $1,000,000.00 as well as declaratory relief.

3. Litton was served with a copy of the Complaint on April 14, 2011. A copy of the Summons that Litton received is attached hereto as Exhibit B.

## DIVERSITY

4. This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5. Plaintiff seeks a judgment in the amount of $1,000,000.00 against Litton. Complaint at ¶ 13. This amount in controversy clearly exceeds the $75,000 threshold for diversity jurisdiction.

6. Plaintiff is a citizen of the state of Maryland for purposes of diversity jurisdiction. *See* Complaint, unnumbered introductory paragraph on p. 1.

7. Litton is a Delaware limited partnership with its principal place of business in Houston, Texas. For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), the citizenship of an unincorporated entity, such as a limited partnership, is determined by the citizenship of each of its partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (holding that, for the purpose of diversity jurisdiction, the citizenship of a limited partnership is determined by the citizenship of each of the partners). None of the partners of Litton, either limited or general, is incorporated in, has a principal place of business in or is domiciled in the State of Maryland, but each is a citizen of a state other than the State of Maryland. For purposes of diversity of citizenship under 28 U.S.C. § 1332, Litton is a citizen of a state other than the State of Maryland.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 100(2) and 1441(a) because the United States District Court for the District of Maryland, Greenbelt Division is the federal judicial district and division embracing the state court in which this action was originally filed.

## PROCEDURAL COMPLIANCE

9. Removal of this action is timely. 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (deadline to remove runs from the date on which the defendant is first served with a copy of the summons and complaint). In this case, Litton was served with the Summons and a copy of the Complaint on or about April 14, 2011. *See* Exhibit B. This Notice of Removal is being filed with the Court on Monday, May 16 2011, *i.e.*, within 30 days after Litton was served with the Complaint.

10. Attached to this Notice of Removal as Exhibit A is a copy of Plaintiff's Complaint, along with the exhibits accompanying the Complaint. Attached as Exhibit B to this Notice of Removal is Plaintiff's Writ of Summons to Litton. The Complaint, exhibits, and Writ of Summons are the only "process, pleadings or orders" received by Litton in this action to date. *See* 28 U.S.C. § 1446(a).

11. Litton is serving upon plaintiff contemporaneously with this filing a copy of this Notice of Removal.

12. No other defendants have been named in this action.

13. Litton will also file with the Clerk for the state court a Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d).

14. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is properly removed to this Court.

15. In removing this action to federal court, Litton expressly reserves, and does not waive, any and all rights and defenses that it has or may have.

WHEREFORE, Defendant Litton hereby gives notice that the state court action is removed to this Court.

May 16, 2011

Respectfully submitted,

_____
Daniel J. Tobin (Bar No. 10338)
Hillary G. Benson (Bar No. 17254)
BALLARD SPAHR LLP
4800 Montgomery Lane, 7th Floor
Bethesda, MD 20814-3401
Telephone: (301) 664-6200
Facsimile: (301) 664-6299
tobindj@ballardspahr.com
bensonh@ballardspahr.com
*Attorneys for Litton Loan Servicing LP*

**CERTIFICATE OF SERVICE**

This is to certify that on this 16th day of May, 2011, I caused a true and correct copy of the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following:

Emmanuel Edokobi
2005 Stratton Drive
Potomac, MD 20854

*Pro Se Plaintiff*

_____
Daniel J. Tobin

4